In re SECKLER & SILVERMAN.

(District Court, E. D. New York.    June 18, 1912.)

BANKRUPTCY (§ 381*)—COMPOSITION—CONFIRMATION—OBJECTIONS.

Where a creditor of bankrupts and one of the bankrupts opposed a composition, but made no application as to opposing any claims listed, nor filed any objections to the composition, nor requested further reference as to the advantage of the composition to creditors, and the creditor still had until a designated future date to file objections, or to make any application with reference to the proceeding to frame specifications, the findings of the referee would not be disturbed, unless it appeared that further testimony should be taken on matters appearing by the record.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 591;  Dec. Dig. § 381.*]

In the matter of Seckler & Silverman, bankrupts.    On objections to approval of a composition.    Denied.

Morris & Samuel Meyers, for objecting creditors.

Joseph Gans, for bankrupt.

CHATFIELD, District Judge.    The schedules show creditors to such an amount that the assets reported would not justify a refusal to approve of the composition.    The referee, therefore, seems to have reported correctly on the record as he states it.

The creditors who oppose the composition, and one bankrupt, who also opposes, claim that, as the record indicates, they did not proceed with further testimony pending a decision of the general question of advantage to creditors, which they believed the referee would decide in their favor.    But their position is made untenable by their failure to attack the claims reported as allowed, or to move to expunge any of these claims.    They also now oppose confirmation on the record, but have offered no affidavits and no objections, other than the oral comment on the facts reported.    It appears by the record, however, that the sale of the assets, which was a matter of doubt to the referee, has been completed at a greater price than the amount which the referee took as a basis; also, the assumed claims to the insurance money (which constitutes the balance of the estate) are open to some doubt.

If the funds are in the hands of the trustee, I do not see why the referee should not pass on such claims as he allows and reports as debts, or if no claim is presented, and any creditor objects to any debt scheduled, he has the right to raise the question.    But in the present case the objecting creditors and the objecting bankrupt have made no application with respect to opposing any claims listed, nor filed any objections to the composition, nor requested further reference as to the advantage of the composition to the creditors.    They have simply appeared in opposition, and the court must take the record presented. On that the court can do nothing, unless it refers the matter for further consideration.    But as the creditors have until the 24th to file objections, or to make any application with reference to the proceeding in order to frame specifications, the court will direct that they do what they are advised before that time.

NOTE.—This case was later referred back for further hearing by the referee.